IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YAOMING LIU; SHAN SUN; and ZIANG LIU, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 07 C 388 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| MICHAEL CHERTOFF, Secretary of the | ) |
| Department of Homeland Security; | ) |
| EMILIO GONZALEZ, Director of United States | ) |
| Citizenship and Immigration Services; | ) |
| GERARD HEINAUER, Director of United States | ) |
| Citizenship and Immigration Services at | ) |
| Nebraska Service Center; and | ) |
| ROBERT S. MUELLER, III, Director of the | ) |
| Federal Bureau of Investigations, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs Yaoming Liu ("Yaoming"), Shan Sun ("Shan"), and Ziang Liu ("Ziang") brought a pro se complaint for a writ of mandamus against defendants Michael Chertoff ("Chertoff"), Secretary of the Department of Homeland Security ("DHS"); Emilio Gonzalez ("Gonzalez"), Director of United States Citizenship & Immigration Services ("USCIS"); Gerard Heinauer ("Heinauer"), Director of USCIS at Nebraska Service Center; and Robert S. Mueller, III ("Mueller"), Director of the Federal Bureau of Investigations ("FBI"). Plaintiffs ask this court to compel defendants to adjudicate their I-485 applications for adjustment of immigration. Plaintiffs have also filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons discussed

below, the court denies defendants' 12(b)(1) and 12(b)(6) motions and grants plaintiffs' motion for summary judgment.

## FACTS

Plaintiff Yaoming filed an I-140 employment-based immigration visa petition on April 21, 2004. The USCIS approved that petition on July 14, 2005, finding that granting Yaoming a visa was in the interest of the United States.[1] On May 24, 2004, all three plaintiffs filed I-485 applications for adjustment of status to lawful permanent residents with the USCIS Nebraska Service Center. Plaintiffs Yaoming and Shan submitted fingerprints to the USCIS on July 5, 2004, May 13, 2005, and December 9, 2005; plaintiff Ziang submitted fingerprints on May 13, 2005. Plaintiffs have submitted all required documents to allow the USCIS to process their applications, and plaintiffs Yaoming and Shan are depending on approval of their applications to obtain federal research grants.

At present, plaintiffs' applications have been pending for more than three years, although plaintiffs allege that the USCIS Nebraska Service Center has processed similar applications in just over six months. According to plaintiffs, the only delay in the adjudication of their applications is their FBI name checks. Plaintiffs have sought assistance from Senator Richard Durbin and Congresswoman Jan Schakowsky, as well as the FBI, but to no avail.

---

[1] Plaintiff Yaoming and his wife, plaintiff Sun, are research assistant professors at the University of Illinois at Chicago, specializing in the field of glaucoma research. Their eligibility for federal research grants requires permanent resident status. Plaintiff Ziang is their son.

**DISCUSSION**

Plaintiffs have moved for summary judgment pursuant to Fed. R. Civ. P. 56.[2] Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Unterreiner v. Volkswagen of America, Inc.</u>, 8 F.3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); <u>Becker v. Tenenbaum-Hill Assocs., Inc.</u>, 914 F.2d 107, 110 (7th Cir. 1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. See <u>Fisher v. Transco Services-Milwaukee, Inc.</u>, 979 F.2d 1239, 1242 (7th Cir. 1992).

Plaintiffs claim that they are entitled to mandamus relief pursuant to 28 U.S.C. § 1361. Plaintiffs can obtain mandamus relief when: (1) they have a clear right to the relief sought; (2) the defendant has a clear duty to perform; and (3) no other adequate remedy is available. <u>Blaney v. United States</u>, 34 F.3d 509, 513 (7th Cir. 1994). Plaintiffs also seek relief under 28 U.S.C. § 1331 and the Administrative Procedure Act, 5 U.S.C. §§ 555 and 706(1) ("APA"). For such relief, plaintiffs must show that defendants unreasonably delayed in adjudicating their application. 5 U.S.C. § 555(b) ("[W]ithin a reasonable time, each agency shall proceed to

---

[2] Defendants ask this court to deny plaintiffs' summary judgment motion because they failed to file a statement of uncontested facts as required by L.R. 56.1(a). This court, however, holds pro se plaintiffs to liberal filing requirements (<u>see</u>, <u>e.g.</u>, <u>McIntosh v. Illinois Dep't of Employment Sec.</u>, 2007 WL 1958577, *5 (N.D. Ill. July 2, 2007)), and the facts in the instant case are simple and undisputed. The court therefore declines to deny plaintiffs' motion on this ground.

conclude a matter presented to it"); 5 U.S.C. § 706(1) (this court shall "compel agency action unlawfully withheld or unreasonably delayed").

Right to Mandamus Relief

Defendants argue that they have no duty to perform in the instant case and that plaintiffs are not entitled to the relief they seek. In support of their first argument, defendants cite 8 U.S.C. § 1255, which states that the Attorney General may adjust an alien's status to that of a legal permanent resident if that individual meets certain requirements. Defendants claim that this statutory provision renders their decision as to plaintiffs' applications discretionary, rather than mandatory.

Defendants, though, confuse the duty to grant the applications with the duty to adjudicate them. As plaintiffs correctly assert, defendants have a duty to adjudicate their applications. 8 C.F.R. § 245.2(a)(5)(i) ("The applicant *shall* be notified of the decision of the director") (emphasis added); see also Iddir v. INS, 301 F.3d 492, 500 (7th Cir. 2002) ("the relevant statutes and regulations confirm that the INS did have the duty to adjudicate the appellants' applications in a reasonable period of time"); Razik v. Perryman, 2003 WL 21878726, *2 (N.D. Ill. Aug. 7, 2003) ("courts have found that [the Attorney General and the INS] have a mandatory duty to adjudicate applications for adjustment of status"). The court therefore finds that defendants have a duty to adjudicate plaintiffs' applications.

This court has also found that 8 U.S.C. § 1255 "provides a right to an adjudication within a reasonable time." Agbemaple v. INS, 1998 WL 292441, *2 (N.D. Ill. May 18, 1998). Consequently, plaintiffs have a right to mandamus relief in the instant case. Additionally, there

4

is no other adequate remedy for the relief plaintiffs seek; plaintiffs have no other means of altering their immigration status. The only remaining issue, therefore, is whether defendants have unreasonably delayed in adjudicating plaintiffs' applications.[3]

Unreasonable Delay

Plaintiffs have a right to have their applications adjudicated in a reasonable amount of time whether they seek relief through a writ of mandamus or under the APA. See, e.g., Panunescu v. INS, 76 F. Supp. 2d 896, 901 (in a mandamus action, "the INS 'owe[s] plaintiffs a non-discretionary duty to complete processing of plaintiffs' applications in a reasonable time'") (citing Yu v. Brown, 36 F. Supp. 2d 922, 932 (D.N.M. 1999)); 5 U.S.C. § 555(b) (under the APA, "within a reasonable time, each agency shall proceed to conclude a matter presented to it); 5 U.S.C. § 706(1) (under the APA, courts shall "compel agency action unlawfully withheld or unreasonably delayed"). "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." Yu, 36 F. Supp. 2d at 935. To determine if a delay is unreasonable, courts may look "to the source of the delay – e.g., the complexity of the investigation as well as the extent to which the [applicant] participated in delaying the proceeding." Reddy v. Commodity Futures Trading Comm'n, 191 F.3d 109, 120 (2d Cir. 1999).

---

[3]Defendants have moved for dismissal of the instant case pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim, and 12(b)(1), for lack of jurisdiction. As discussed above, plaintiffs have alleged all elements of a mandamus claim, and the court therefore denies defendants' 12(b)(6) motion. Additionally, 28 U.S.C. § 1361 grants this court "jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Because defendants owe a duty to plaintiffs in the instant case, this court has mandamus jurisdiction. For that reason, the court denies defendants' 12(b)(1) motion.

In the instant case, there is no evidence that plaintiffs have in any way contributed to the delay in the processing of their applications. There is also no evidence that their applications are in some way more complex than the typical I-485 application. The relevant statutory provisions and internal operating procedures also support plaintiffs' claims. Congress has set an expectation that "the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571. Further, as documented by plaintiffs, defendant CIS posted on its own website on May 18, 2007 that it was currently processing I-485 applications filed as late as August 13, 2006 – 27 months after plaintiffs filed their applications.

Defendants argue that they cannot adjudicate plaintiffs' applications until the FBI completes their name checks. What defendants fail to mention, though, is that the USCIS has the ability to expedite an FBI name check request if certain criteria are met, including "significant and compelling reasons." See USCIS Clarifies Criteria to Expedite FBI Name Check," available at http://www.uscis.gov/files/pressrelease/ExpediteNameChk022007.pdf. It appears to this court that a delay of more than three years, during which plaintiffs cannot obtain federal grants with which to pursue glaucoma research that benefits more than three million Americans, is a compelling enough reason for defendant USCIS to request an expedited name check from defendant FBI. This court also finds that defendants' delay in processing plaintiffs' applications is unreasonable. For that reason, as well as the reasons discussed above, the court holds that plaintiffs are entitled to the relief they seek, whether pursuant to mandamus relief or the APA. Plaintiffs' motion for summary judgment is therefore granted.

## CONCLUSION

For the reasons discussed above, the court denies defendant's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), grants plaintiffs' motion for summary judgment, and orders defendants to complete the adjudications of plaintiffs' I-485 applications forthwith.


**ENTER: October 5, 2007**

_____

**Robert W. Gettleman**
**United States District Judge**